The plaintiff's case was, that he hired defendant, as a laborer, to cultivate his farm, at a compensation of one-half the grain and produce raised. The farm was not rented to him. He went on the farm in 1849. The corn raised in 1850 was nine hundred bushels; Edwards received only about four hundred bushels. In 1851 the crop of wheat was six hundred and seventy-one bushels; Edwards received only two hundred and ninety-nine bushels. The action was, therefore, for the value of one hundred bushels of corn and thirty-six and a half bushels of wheat.
Mr. Rodney objected to the proof of any contract between Edwards and Himesworth, for the occupation of these lands, unless it was by deed. It is not a case of demise, as between landlord and tenant; that is repudiated; the narr. is on a special contract to pay and deliver one-half the product of the land, which was to be cultivated by the defendant. Where the contract authorizes an occupation of the land, it is within the statute of frauds. (56 Law Lib., 49; Smith on Contracts.) *Page 377 
 Mr. Johnson. — The plaintiff's case repudiates any idea of conveying or contracting for any interest in land. We present a case of hiring an overseer to be paid by a share of the produce. This is not a contract within the statute of frauds. Even a renting by the year might, under our landlord and tenant law, be made by parol. Whether, therefore, we prove a case of hiring at such a share of the grain, all of which the defendant delivered at market, and delivered none to us; or prove a case of renting by the year, on an agreement to pay us one-half, our case is good on parol proof.
But the main count in our declaration and the strength of our case, is for money had and received to our use, this overseer having sold all the grain, and paid us not one-half.
Mr. Rodney replied. He argued that a contract of tenancy might be made, concerning land, without deed, but this relation of landlord and tenant was repudiated, and yet an attempt was made to prove a contract, which carried an interest in land, and which could not be proved without writing.
The Court ruled — 1. That a contract with a person to cultivate a farm, as an overseer or working hand, and to be compensated by a certain amount of the proceeds of the crop, is not a contract conveying an interest in land, and is not within the statute of frauds. It may be proved by parol.
2. That a contract of renting for a year, though respecting an interest in the land, is excepted by the act concerning landlords and tenants, and may be made by parol.
3. That the pro narr. in this case, embraced either or both of these cases; and there was added a count for money had and received for the plaintiff's use, under which he might recover, if the proof sustained it.